# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATURAL RESOURCES DEFENSE
COUNCIL, INC., *et al.*,

      *Plaintiffs*,

    v.

CHRIS OLIVER, Assistant Administrator for
Fisheries, National Marine Fisheries Service,
*et al.*,

      *Defendants*.

No. 20-cv-1150 (RDM)

## ORDER

This case has been assigned not by random draw but based on Plaintiffs' assertion that it is related to *NRDC v. Rauch*, No. 15-cv-198 ("*Rauch*"), a case in which the Court entered judgment in favor of the plaintiffs on "all claims" on February 8, 2018, Dkt. 70, and "terminated" on May 4, 2018, Dkt. 73. The general rule requiring "[r]andom assignment 'ensure[s] greater public confidence in the integrity of the judicial process[,] . . . guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.'" *Wilderness Soc'y v. Bernhardt*, No. CV 20-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020) (quoting *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000)). Local Rule 40.5 creates two limited exceptions to this general rule for cases that are "related" to previously assigned cases. One exception provides that "civil . . . cases are deemed related when the earliest is *still pending on the merits* in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or

infringement of the same patent." D.D.C. LCvR 40.5(a)(3) (emphasis added). The other deems cases related "where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." *Id.* 40.5(a)(4). Having sought the views of the parties and reviewed both the *Rauch* docket and the complaint in this action, the Court is unpersuaded that the cases are related and, accordingly, directs that the Clerk of the Court return the case to the Calendar and Case Management Committee for random reassignment.

The *Rauch* case is not still "pending on the merits" and thus the two cases are not related pursuant to Local Civil Rule 40.5(a)(3). Although the Court did retain jurisdiction over *Rauch* pending publication by the National Marine Fisheries Service ("NMFS") of a new listing determination for the blueback herring, *Rauch*, No. 15-cv-198 (ECF No. 58), the NMFS issued its new listing determination on June 19, 2019, *id.* (ECF No. 78), and issued a corrected listing determination on October 4, 2019, *id.* (ECF No. 79)—long before Plaintiffs filed the instant action. Nor is there any doubt that the Court fully resolved the Rauch case. The Court granted summary judgment in favor of the plaintiffs, vacated the listing decision, and remanded the matter to [the] NMFS "for further proceedings consistent with [the Court's] opinion," *NRDC, Inc. v. Rauch*, 244 F. Supp. 3d 66, 100 (D.D.C. 2017). The Court subsequently entered judgment in favor of the *Rauch* plaintiffs on "all claims," Dkt. 70, and directed that the Clerk of the Court "terminate" the case, Dkt. 73. At that point, there was nothing left for the Court to do with respect to *Rauch* or the claims asserted in that case.

Although a closer question, the Court is also unpersuaded that this case and *Rauch* are related under Local Rule 40.5(a)(4). Two cases are related under that rule when the earlier-filed case is "dismissed, with prejudice or without" and the second case "involv[es] the same parties

and relat[es] to the same subject matter."  D.D.C. LCvR 40.5(a)(4).  Defendants argue that Local

Rule 40.5(a)(4) is inapplicable because the rule applies only if the earlier-filed case has been

"dismissed," and, here, the Court entered judgment in favor of the *Rauch* plaintiffs.  Dkt. 14 at 3.

Defendants are correct that judges of this Court have at times declined to apply Local Rule

40.5(a)(4) to cases that, like *Rauch*, were decided on the merits.  *Wilderness Soc'y*, 2020 WL

2849635, at *2; *see also Doe v. Von Eschenbach*, No. 1:06-cv-2131, 2007 WL 1655881, at *2

(D.D.C. Jun. 7, 2007) (holding that a case litigated to conclusion in a consent decree was not

dismissed and therefore not related under Local Civil Rule 40.5(a)(4)).  But it is also true that

judges of this Court have, pursuant to Local Rule 40.5(a)(4), presided over cases bringing

challenges under the Administrative Procedure Act ("APA"), 5 U.S.C. 701 *et seq.*, based on

decisions made by an agency following a remand ordered by that same judge in a prior case.

*See, e.g.*, *Delta Air Lines, Inc. v. Export-Import Bank of the United States*, 85 F. Supp. 3d 436,

445 (D.D.C. 2015); *Barker v. United States*, 404 F. Supp. 3d 251, 260 (D.D.C. 2019).

　　　This tension is best resolved by returning to first principles and applying Local Rule

40.5(a)(4) in a manner that serves its purposes.  As the Court's Calendar and Case Management

Committee has explained, "[t]he fundamental rationale for the general rule requiring random

assignment of cases it so ensure greater public confidence in the integrity of the judicial

process." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2002).  "The

rule guarantees fair and equal distribution of cases to all judges, avoids public perception or

appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Id.*

Local Rule 40.5(a)(4) recognizes an exception to this general rule, but only to the extent

necessary to ensure that two judges are not required to invest substantial judicial resources in

adjudicating cases that involve "the same subject matter."  D.D.C. LCvR 40.5(a)(4); *see also*

*Tripp*, 196 F.R.D. at 202.  To prevent this narrow exception from undermining the essential purposes of random assignment, the moving party is assigned the heavy burden of establishing that the parties and the *subject matter* in the earlier- and later-filed cases are *the same*.  *See Wash. Alliance of Technology Workers v. U.S. Dep't of Homeland Security*, 2016 WL 11184186 at *2 (D.D.C. June 24, 2016).  In most APA cases, the relevant subject matter is the administrative proceeding itself—and not the object of the regulation.  *See* 5 U.S.C. § 706(2) (providing for judicial review of "agency action").  It is not enough, for example, for the party seeking related-case treatment to show that the earlier- and later-filed cases both involved efforts to regulate a particular industry in a particular way or even, as relevant here, efforts to protect a particular species.  But where the later-filed case involves what is, in essence, an extension of the earlier administrative proceeding—where, for example, the Court remanded the matter to the agency to clarify the agency's reasoning about a disputed issue or to provide a further opportunity for public comment respecting issues raised in the litigation—the Court might, as appropriate, concluded that the later-filed case involves "the same subject matter" as the earlier-filed case.  In making this determination, the Court must assess whether related-case treatment of an APA case following a remand will substantially advance the interest in judicial economy while still preserving public confidence in the judicial process and the random assignment of judges.  *See Wilderness Soc'y*, 2020 WL 2849635, at *3.  Is the second case, for example, a continuation of the earlier-filed case or is it, in fact, a new challenge to a distinct administrative proceeding?

With this standard in mind, the Court concludes that Plaintiffs have failed to carry their burden of demonstrating that this case involves "the same subject matter" as *Rauch*.  To start, this case involves a different listing determination and not merely a continuation of the earlier administrative proceeding.  *See* Endangered and Threatened Wildlife and Plants; Endangered

4

Species Act Listing Determination for Alewife and Blueback Herring, 84 Fed. Reg. 28,630 (June 19, 2019).  Indeed, as the NMFS explained, even before this Court issued its decision *Rauch*, the agency had "noted that there were significant data deficiencies" in its prior analysis and it had "committed to revisiting the status of both [the Alewife and Blueback Herring] in three to five years, a period after which ongoing studies, including river herring stock assessment update by the Atlantic States Marine Fisheries Commission (ASMFC) would be completed."  *Id.*  Although the parties in *Rauch* agreed to the timetable, the determination at issue in this case constitutes that long-promised "revisiting" of the status of the two species at issue and was based on those "ongoing" studies, other evidence, and a "comprehensive status review of alewife and blueback herring."  *Id*. at 28,631.  This case challenges that new decision, which relied on new evidence and new analysis, and does not revisit questions that the Court left unresolved in *Rauch*.

The scope of the Plaintiffs' challenges in *Rauch* and in this case, moreover, differ in a significant respect.  In *Rauch*, the plaintiffs challenged the NMFS's determination that listing blueback herring as threatened or endangered was not warranted at that time.  *Rauch*, 244 F. Supp. 3d at 68.  The *Rauch* plaintiffs did not challenge the agency's separate determination that the alewife was not threatened.  *Id.* at 70 n.4.  Here, in contrast, Plaintiffs challenge the NMFS's June 2019 determinations that listing the alewife "rangewide" or in any of four Distinct Population Segments ("DPSs")—Canada, Northern New England, Southern New England, and Mid-Atlantic—was not warranted and that listing the blueback herring "rangewide" or in any of three DPSs—Canada/Northern New England, Mid-Atlantic, and Southern Atlantic—was not warranted.  Dkt. 1 at 28–32 (Compl. ¶¶ 93–116); *see also id.* 16 (Compl. ¶ 46).  Although the species are "closely related" and Plaintiffs represent that the "NMFS applied the same methodology to both fish," Dkt. 13 at 3, the agency, in fact, separately evaluated the two species

with respect to a range of factors, including: abundance, growth rate/productivity, special structure/collectivity, diversity, climate change variability, climate change and vulnerability, dams and other man-made barriers, dredging and habitat alteration, water quality, water withdrawal/outfall, overutilization, incidental catch, and recreational harvest. *See* 84 Fed. Reg. at 28,642–56 (analyzing each of these factors with respect to each species). The NMFS then separately assessed the overall risk "rangewide" and for each of the distinct DPSs for the two species. *Id.* 28,661–62. Plaintiffs themselves, moreover, differentiate between the two species and the relevant analyses, *see*, *e.g.*, Dkt. 1 at 19 (Compl. ¶ 57) ("NMFS failed to explain why it concluded that the range of the Southern New England stock of blueback herring is 'likely' to be recolonized in light of its conclusion that the similar (and comparable) Northern New England stock of alewife is not likely to be recolonized"); *id.* at 12 (Compl. ¶ 31) ("Alewife is considered extirpated from the entire state of South Carolina."); *id.* at 16 (Compl. ¶ 46) (noting distinct DPSs); *id.* at 25 (Compl. ¶ 81) (discussing distinct extinction risk conclusions), and they assert one claim relating to alewife and three claims relating to blueback herring, *id.* at 28–32 (Compl. ¶¶ 93–116). Thus, a substantial portion of Plaintiffs' complaint addresses a species that was not at issued in *Rauch*.

Finally, Plaintiffs have failed to demonstrate that any factual questions posed in this case overlap with the questions raised or decided in *Rauch*. In Plaintiffs' view, the Court should treat this case as related to *Rauch* in light of "the time and effort the Court invested in [*Rauch*] reviewing [the] NMFS's first [Endangered Species Act] decision involving river herring." Dkt. 13 at 3-4. That premise is "particularly true," accordingly to Plaintiffs, "given the statistical issued in both cases" and the "'likelihood'" that the Court's "'experience with [these] complex issues . . . may actually enhance the . . . speedy and inexpensive determination of'" this case. *Id.*

at 4 (*quoting Alberti v. Gen. Motors Corp.*, 600 F. Supp. 1024, 1025 (D.D.C. 1984)).  The Court does not doubt that the related case rule is designed to serve the interest in judicial economy where two cases involve "the same subject matter."  But judicial economy, standing alone, is insufficient to satisfy Local Rule 45.5(a)(5).  The mere fact that two cases require resolution of the same legal question, for example, will not suffice.  Similarly, it is not enough to identify factual questions that are merely similar or that draw on the same general field of expertise.  Here, Plaintiffs' conclusory assertion that this case, like *Rauch*, involves "statistical issues" does not suffice.  Plaintiffs offer no explanation of what they mean, and they fail to identify any *specific* factual question relating to statistics (or any other field) that the Court has previously considered that is also raised in this case.  To the contrary, the complaint in this case references "statistics" just once, and it does so only by describing the Court's holding in *Rauch*, *see* Dkt. 1 at 14.  If the two cases turn on overlapping issues of fact, Plaintiffs have failed to explain how.

Because Local Rule 40.5(a)(4) must be applied "strictly" in order to preserve the benefits of the random assignment rule, *Wilderness Soc'y*, 2020 WL 2849635, at *3, the Court declines to treat this case as related to *Rauch*.  "Any marginal efficiency gained by [treating the cases as related] would be outweighed by the negative effects, including the 'appearance of judge-shopping or favoritism in assignments.'"  *Id.* (quoting *Judicial Watch, Inc. v. Rossotti*, No. 02-928, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002)).

The Court, accordingly, directs the Clerk of the Court to return this case to the Calendar and Case Management Committee for random reassignment.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 27, 2020